IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL LEE BOYKINS,            )
                                )
            Petitioner,         )
                                )
      v.                        )        Civil Action No. 2:11cv174-WHA
                                )                    (WO)
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255.

## I.   BACKGROUND

On May 20, 2009, a jury found the petitioner, Michael Lee Boykins ("Boykins"),

guilty of conspiracy to distribute and possess with intent to distribute a controlled substance

(powder cocaine), in violation of 21 U.S.C. § 846, and unlawful use of a communication

facility, in violation of 21 U.S.C. § 843(b).  Following a sentencing hearing on August 6,

2009, the district court sentenced Boykins to 97 months in prison on the conspiracy count and

to 48 months for unlawful use of a communication facility.  The sentences were ordered to

run concurrently.

Boykins appealed to the Eleventh Circuit, arguing that (1) the Government failed to

adduce sufficient evidence supporting his convictions; (2) the admission of tape-recorded

statements to a confidential informant violated his Sixth Amendment right to confront the

witnesses against him; (3) the district court erred by including a two-level increase in his sentencing guidelines calculation for the possession of a firearm by a coconspirator; and (4) the district court erred by denying his request for a two-level reduction in his guidelines calculation for a minor role in the offense. *See* Exh. U.[1]

On June 1, 2010, the Eleventh Circuit issued an opinion rejecting Boykins's arguments and affirming his convictions and sentence. *United States v. Boykins*, 380 Fed. App'x 930 (11th Cir. 2010) (unpublished). Boykins did not seek certiorari review in the United States Supreme Court.

On March 9, 2011, Boykins filed this 28 U.S.C. § 2255 motion, asserting the following claims:

1. His lawyer rendered ineffective assistance of counsel in the following ways:

   a. Counsel failed to argue that Boykins was unaware of the drug conspiracy until after it had ended.

   b. Counsel failed to argue that Boykins's recorded telephone conversations with a confidential informant involved statements not made "in furtherance of the conspiracy" and therefore should not have been admitted at trial.

   c. Counsel advised him not to testify at trial.

   d. Counsel failed to use certain evidence to impeach

_____

[1] References to exhibits ("Exh.") are to those filed by the Government with its answer, Doc. No. 10. Document numbers are those assigned by the Clerk in the instant civil action or, where applicable, in Boykins's criminal proceedings, Case No. 2:08cr121-WHA. Page references to pleadings are to those assigned by CM/ECF.

Kenneth Jenkins, who testified on behalf of the Government.

2. Boykins's Sixth Amendment rights were violated because he was unable to confront the confidential informant whose statements the Government offered into evidence through recorded phone calls with him.

3. The district court erred in applying a sentencing enhancement for possession of a firearm in connection with the conspiracy.

4. The Government's investigation of Boykins's participation in the conspiracy amounted to entrapment.

Doc. Nos. 1, 8 & 9.

The Government answers that Boykins's allegations of ineffective assistance of counsel are without merit and that his remaining claims are procedurally barred because they were either raised and addressed on direct appeal, or could have been raised on appeal but were not. Doc. No. 10. Based on the court's consideration of the parties' submissions and the record before the court, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Boykins's § 2255 motion should be denied.

## II.   DISCUSSION

**A.   General Standard of Review**

Collateral review is not a substitute for direct appeal therefore, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the

Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice").  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent...."

B.   **Ineffective-Assistance-of-Counsel Claims**

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th

Cir. 2006).   Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).   The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).   Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted above, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694.   A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.   The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial

5

fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 1. *Counsel's Failure to Argue Boykins Was Unaware of Conspiracy*

Boykins claims that his counsel rendered ineffective assistance by failing to argue he was unaware of the drug conspiracy until after it had ended. Doc. No. 1 at 14-15. This claim

is not supported by the record, which reflects that Boykins's counsel argued to the jury, to the district court (in a motion for a judgment of acquittal),[2] and again on appeal that Boykins did not participate in, and was unaware of, the drug conspiracy. *See* Case No. 2:08cr121-WHA, Doc. No. 645 at 21-24; *id.*, Doc. No. 646 at 116-20 & 134-35; Exh. U at 58-59.

In considering counsel's argument on appeal that the evidence adduced by the Government was insufficient to sustain Boykins's conspiracy conviction, the Eleventh Circuit stated:

> The record supports the conclusion that a large conspiracy existed and that the purpose of that conspiracy was to possess and distribute cocaine. The record also supports the conclusion that Boykins knowingly and voluntarily counted the proceeds from the sale of cocaine, that he knew the proceeds were from the sale of cocaine distributed by other members of the conspiracy, that he was present when the source of the cocaine collected some of the proceeds, and that he knowingly and voluntarily traveled to Louisiana with another member of the conspiracy to deliver further proceeds to the conspiracy's source of cocaine. Accordingly, the record contains sufficient evidence to support his conviction for conspiracy under 21 U.S.C. § 846. The evidence also supports the conclusion that Boykins knowingly and intentionally used a telephone to facilitate the distribution of cocaine. The record shows that Boykins engaged in multiple phone calls with a confidential informant during which he discussed the price and availability of cocaine and offered to facilitate a connection between the confidential informant and another member of the conspiracy for access to cocaine.

380 Fed. App'x at 932-33. The Eleventh Circuit also concluded that Boykins was a "substantial participant" in the conspiracy to distribute powder cocaine. *Id.* at 936.

_____

[2] Counsel's motion for a judgment of acquittal was granted insofar as the indictment charged Boykins with conspiracy to distribute crack cocaine. However, the district court denied the motion for a judgment of acquittal with respect to powder cocaine, finding there was sufficient evidence to go to the jury with regard to Boykins's participation in the conspiracy to distribute powder cocaine. *See* Case No. 2:08cr121-WHA, Doc. No. 646 at 116-20.

Because the record establishes that Boykins's counsel argued that Boykins did not participate in, and was unaware of, the drug conspiracy, and because the Eleventh Circuit found that this argument lacked merit, Boykins fails to demonstrate either deficient performance by counsel or resulting prejudice.  Therefore, he is not entitled to relief based on this claim of ineffective assistance of counsel.  *See Strickland*, 668 U.S. at 687-88.

2. ***Counsel's Failure to Challenge Admissibility of Statements Not Made in Furtherance of Conspiracy***

Boykins claims that his counsel was ineffective for failing to argue that his recorded phone conversations with a confidential informant involved statements not made "in furtherance of the conspiracy" and thus were inadmissible at trial.  Doc. No. 1 at 16-20.  Notwithstanding Boykins's claim, the confidential informant was not deemed to be a coconspirator, and Boykins's conversations with the confidential informant were not admitted under the coconspirator exception to the hearsay rule.[3]

At trial, Boykins's counsel objected to admission of the recorded statements on the ground that they constituted inadmissable testimonial hearsay barred by the Sixth Amendment's Confrontation Clause.  *See* Case No. 2:08cr121-WHA, Doc. No. 645 at 50-51 & 106.  Counsel pursued this same argument on appeal.  Exh. U at 61-63.  Addressing counsel's argument on appeal, the Eleventh Circuit held:

> In this case, the district court did not err in admitting the recorded

---

[3] Fed.R.Evid. 801(d)(2)(E) provides that a statement is not hearsay if it is offered against a party and is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."  *See* Fed.R.Evid. 801(d)(2)(E).

conversations because they were neither hearsay nor barred by the Confrontation Clause.   Boykins' statements on the tape are not hearsay because they are his own admissions.  *See* Fed.R.Evid. 801(d)(2)(A).  The confidential informant's statements are not hearsay because they were not offered for the truth of the matter asserted.[4] Even assuming *arguendo* that the informant's statements were testimonial, the Confrontation Clause does not bar the admission of those statements because, as the Supreme Court noted in *Crawford* [*v. Washington*, 541 U.S. 36, 51, 124 S.Ct. 1354 (2004)], "[t]he Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."  541 U.S. at 59 n.9, 124 S.Ct. at 1369 n.9.   Finally, the Confrontation Clause does not bar the admission of Boykins' statements because they were neither hearsay nor testimonial.  A party's own out of court admissions are not hearsay, and, as in [*United States v.*] *Underwood*[, 446 F.3d 1340, 1347 (11th Cir. 2006)],[5] Boykins clearly did not make his statements under circumstances which would lead him to believe they would later be used at trial against him.

380 Fed. App'x at 934.

Boykins's argument that his counsel should have challenged admission of the recorded conversations on the ground that they involved statements not made in furtherance of the conspiracy misses the point.   Because the confidential informant was not a coconspirator – and Boykins's conversations with the confidential informant were not admitted under the coconspirator exception to the hearsay rule, but were otherwise admissible – there was no basis for Boykins's counsel to argue again admission of conversations on the ground now urged by Boykins.  Counsel is not ineffective for failing

---

[4] The district court instructed the jury that the confidential informant's statements were not to be considered for the truth of the statements, but only to provide context to Boykins's statements. Case No. 2:08cr121-WHA, Doc. No. 645 at 107-109.

[5] In *Underwood*, the Eleventh Circuit held that where the challenged evidence was a recorded statement between a confidential informant and a coconspirator regarding the purchase of cocaine, the evidence was not testimonial.  *See* 446 F.3d at 1347.

to argue a meritless issue.  *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

### 3.      Counsel's Advice Not to Testify

Boykins suggests that his counsel was ineffective for advising him not to testify at trial.  Doc. No. 8 at at 2.

The trial transcript reflects that Boykins initially planned to take the stand, and that he stated as much in open court, despite the prior admonitions of his counsel regarding the pitfalls he might face by testifying.  *See* Case No. 2:08cr121-WHA, Doc. No. 646 at 77-78. However, after the district court questioned Boykins about his wish to testify, Boykins indicated to the court that he had changed his mind and stated that he no longer wished to testify.  *Id.* at 78-79.  Boykins acknowledged to the court that this was his own decision.  *Id.* at 79.  Thus, it is disingenuous of Boykins now to claim that his counsel was responsible for his decision not to testify.  Boykins fails to demonstrate how his counsel's performance in this regard was professionally unreasonable.[6]

Boykins has also not established how he was prejudiced by his failure to testify.  The examples Boykins provides as to what the jury was prevented from hearing because of his failure to take the stand constitute, at most, character evidence with no direct relevance to the charges in the indictment.  *See* Doc. No. 8 at 2.  Boykins fails to set forth how his testimony

---

[6] It is abundantly clear that this is not a case of defense counsel's refusal to honor a defendant's decision to testify, or of counsel's failure to inform a defendant that he has a right to testify and that the final decision whether to testify is the defendant's alone.  *See, e.g., Gallego v. United States*, 174 F.3d 1196, 1197 (11th Cir. 1999).

would have presented the jury with additional relevant evidence with a reasonable possibility of changing the outcome of his trial.  Therefore, based on this record, the court concludes that Boykins's counsel was not ineffective for advising him not to testify at trial.  *See Strickland*, 668 U.S. at 687-88.  Boykins is not entitled to relief based on this claim.

### 4.   *Counsel's Failure to Use Impeachment Evidence Against Government Witness*

Boykins contends that his counsel was ineffective for failing to use certain evidence to impeach Kenneth Jenkins, a codefendant and cooperating witness who testified on behalf of the Government at Boykins's trial.  *See* Doc. No. 9 & 9-1.  Boykins alleges that Jenkins was involved in various other illegal activities in the past and that his counsel should have used such evidence to impeach Jenkins's credibility.  *Id*.

The Government correctly observes that Boykins presents only bald assertions of prior bad acts by Jenkins and that Boykins points to no direct evidence that would support his allegations against Jenkins.  *See* Doc. No. 10 at 4-5.  Further, as the Government notes, Boykins does not cite any matters for which Jenkins was ever tried or convicted in a court of law and points to no facts relevant to credibility that would have been admissible to impeach Jenkins under Fed.R.Evid. 608 or 609.  *Id*.

The record reflects that, on cross-examination, Boykins's counsel sought to impeach Jenkins with inconsistencies in his testimony and other prior inconsistent statements and, perhaps most significantly, with facts indicating that Jenkins received a favorable plea deal and other favorable treatment by the Government in exchange for his cooperation and

11

testimony against Boykins.  *See* Case No. 2:08cr121-WHA, Doc. No. 646 at 5-63.  Boykins

fails to demonstrate that his counsel was ineffective for not seeking to use his unsubstantiated

and inadmissible assertions regarding Jenkins in a further attempt at impeachment.  He

establishes neither deficient performance by counsel nor resulting prejudice. *Strickland*, 668

U.S. at 687-88.  Therefore, he is not entitled to any relief based on this claim.

## C.    Procedurally Barred Claims

### 1.    Substantive Claims Raised on Direct Appeal

The following substantive claims asserted by Boykins in his § 2255 motion were

presented to the Eleventh Circuit in his direct appeal:

1.    Boykins's Sixth Amendment rights were violated because he
       was unable to confront the confidential informant whose
       statements the Government offered into evidence through
       recorded phone calls with him.  *See* Doc. No. 1 at 20-24

2.    The district court erred in applying a sentencing enhancement
       for possession of a firearm in connection with the conspiracy.
       *See* Doc. No. 1 at 25-26.

The Eleventh Circuit rejected Boykins's arguments as to both of these claims and

affirmed his convictions and sentence.[7]

---

[7] The Eleventh Circuit's rejection of the first of these claims is discussed in Part II.B2 of this
Recommendation, *supra*.  In rejecting Boykins's firearm-enhancement claim, the Eleventh Circuit
held, in pertinent part:

        Here, the district court found that various co-conspirators possessed firearms,
        that they did so in furtherance of the conspiracy, that Boykins was a member of the
        conspiracy at the time the co-conspirators possessed firearms, and that possession of
        a firearm by a co-conspirator was reasonably foreseeable given the type of drug
                                                                                 (continued...)

12

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).  If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255.  *See Nyhuis*, 211 F.3d at 1343.  It is beyond the purview of this court to review rulings by the Court of Appeals.  *See Butcher v. United States*, 368 F.3d 1290, 1299-1300 (11th Cir. 2004) (district court may not grant § 2255 relief that is inconsistent with law of the case established by the appellate court's decision).  The law-of-the-case doctrine "bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case."  *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005).

In light of the Eleventh Circuit's rejection of Boykins's claims on direct appeal, this court will not reconsider his claims here.  The issues have been decided by the Eleventh Circuit.

---

[7](...continued)
conspiracy and amount of money at hand.  The record supports those conclusions. At sentencing, the DEA agent testified to proffers made by various co-conspirators to the effect that they possessed firearms throughout and in furtherance of the conspiracy.  Given the size and scope of the conspiracy, it was reasonable to conclude, as in [*United States v.*] *Pham*[, 463 F.3d 1239, 1245 (11th Cir. 2006)], that the possession of firearms by co-conspirators was reasonably foreseeable to Boykins. Moreover, Boykins has not proven that the connection between the firearms and cocaine conspiracy is clearly improbable.  Accordingly, the district court did not err in applying the firearm enhancement to Boykins' Guidelines calculation.

380 Fed. App'x at 932-33.

13

###### 2.     *Substantive Claim Not Raised on Direct Appeal*

Boykins appears to maintain that the Government's investigation of his participation in the drug conspiracy amounted to entrapment.  *See* Doc. No. 1 at 24-25.  This claim is presented for the first time in Boykins's § 2255 motion.

Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred from review in a § 2255 proceeding.  *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).  "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule.  Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  Lynn, 365 F.3d at 1234–35 (quoting *Mills*, 36 F.3d at 1055).  Boykins does not attempt to establish cause for his procedural default.  He has also failed to allege that he is actually innocent.  As such, he has failed to overcome procedural default, and this claim is procedurally barred from review.

In any event, Boykins fails to set forth facts showing that an entrapment defense was warranted in his case.  "A valid entrapment defense requires two elements:  (1) government

14

inducement of the crime, and (2) defendant's lack of predisposition to commit the crime prior
to the inducement." *United States v. Francis*, 131 F.3d 1452, 1455-56 (11th Cir. 1997).
Boykins appears to suggest that the Government's use of a confidential informant constituted
entrapment. However, the mere use of a confidential informant is not in itself sufficient to
constitute entrapment. *See, e.g.*, *United States v. Maurino*, 379 Fed. App'x 861, 862-63 (11th
Cir. 2010) (unpublished); *United States v. Little*, 227 Fed. App'x 861, 862-63 (11th Cir. 2007)
(unpublished). Boykins provides no evidence that he was pressured into involvement in
criminal activity by the Government. Indeed, the evidence indicated that he was already a
participant in the drug conspiracy – and thus did not lack a predisposition to commit the
charged criminal offenses – before his initial contact with the confidential informant.
Boykins is not entitled to relief on his claim that he was entrapped.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28
U.S.C. § 2255 motion filed by Boykins be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or
before **February 28, 2013**. A party must specifically identify the findings in the
Recommendation to which objection is made; frivolous, conclusive, or general objections
will not be considered. Failure to file written objections to the Magistrate Judge's proposed
findings and recommendations shall bar a party from a de novo determination by the District

Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 13th day of February, 2013.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE